IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT DAVIS, #175 321, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-8-WHA |
| | ) | [WO] |
| MONTGY. COUNTY COMMISSION, | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 suit challenging Defendants' failure to protect him from an inmate attack on May 14, 2015, during his incarceration at the Montgomery County Detention Facility. Plaintiff names as defendants the Montgomery County Commission, the Montgomery County Detention Facility; Quality Correctional Healthcare, Inc.; and Sheriff Derrick Cunningham. Upon review, the court concludes that dismissal of Plaintiff's complaint against the Montgomery County Commission and Quality Correctional Healthcare, Inc., prior to service of process, is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

*A.   The Montgomery County Commission*

Plaintiff names the Montgomery County Commission as a defendant. County commissioners cannot be held liable for actions undertaken during the daily operation of a

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county—including the jail—are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the Montgomery County Commission are subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

  B. *Quality Correctional Health Care, Inc.*

Plaintiff names the contract medical provider for the Montgomery County Detention Facility as a defendant. Other than alleging that he "was taken to health care (Quality Corr. Healthcare) where my wounds were cleaned," Plaintiff makes no specific allegations of wrongdoing against this entity. Because Plaintiff makes no specific allegation of constitutional violations against Defendant Quality Correctional Healthcare, Inc., his complaint against this defendant is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses a defendant where a prisoner names the defendant in the caption of the complaint but otherwise fails to state any allegations that connect the defendant with the alleged constitutional violation).[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Montgomery County Commission be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

---

[2] Plaintiff also names the Montgomery County Detention Facility as a defendant. The court has no information before it indicating whether the county jail is a legal entity subject to suit or liability under § 1983, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), and thus reserves a ruling on dismissal of this defendant at this time.

2.     Plaintiff's complaint against Defendant Quality Correctional Healthcare, Inc., be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3.     Defendants Montgomery County Commission and Quality Correctional Healthcare, Inc., be DISMISSED as parties prior to service of the complaint; and

4.     This case with respect to the remaining defendants be referred to the undersigned for further proceedings.

It is further ORDERED that **on or before January 27, 2016**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 13th day of January, 2016.

/s/     Gray M. Borden
UNITED STATES MAGISTRATE JUDGE