IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALBERT DAVIS, #175 321, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-8-GMB |
| | ) | [WO] |
| MONTGY. COUNTY DETENTION FAC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiff's 42 U.S.C. § 1983 complaint filed on January 6, 2016. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to have a United States Magistrate Judge conduct all proceedings in this case including trial and entry of final judgment, and all post-trial proceedings. Doc. 17.

On January 11 and 13, 2016, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted an answer and written report on March 7, 2016, and supplemental special reports on April 7, 2016, and May 9, 2016, all of which contained relevant evidentiary materials refuting the allegations in the complaint. Docs. 16, 18, 19, 21 & 28. Upon review of these reports, the court issued an order directing Plaintiff to file a response to Defendants' answer and written report, as supplemented. Doc. 30. The order advised Plaintiff that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 30 at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 30 at 1.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's May 11, 2016, order expired on June 1, 2016. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written report, as supplemented. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After this review, dismissal is the proper course of action. Plaintiff is an indigent individual, and thus the imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff's inaction in the face of Defendants' reports and evidentiary materials refuting his claims suggests he does not seek to proceed with this case. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the foregoing reasons, the undersigned concludes this case shall be dismissed without prejudice.

A separate judgment will follow.

DONE on this 3rd day of August, 2016.

                                            /s/   Gray M. Borden
                                            UNITED STATES MAGISTRATE JUDGE